UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06083-SB (SK) | Date | August 11, 2023 |
|---|---|---|---|
| Title | Jeremy Eric Waters v. Warden | | |

| Present: The Honorable | Steve Kim, United States Magistrate Judge |
|---|---|

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

In July 2023, Petitioner filed a petition under 28 U.S.C. § 2241 challenging his January 2023 state conviction and sentence for child molestation. (ECF 1 at 2, 5). After pleading nolo contendere to the offense, he was sentenced to time served, a twelve-month probation term, and required to register as a sex offender and take fifty-two sex offender classes. (*Id.* at 2; *see* Cal. Sup. Ct. Case No. PAS2PD25794-01).[1] To the extent that Petitioner is "in custody pursuant to a state court judgment," then, his exclusive vehicle for relief is a petition under 28 U.S.C. § 2254. *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004), *overruled on other grounds by Haywood v. Marshall*, 603 F.3d 546 (9th Cir. 2010). The Court therefore construes his petition, nominally brought under § 2241, as one brought under § 2254, subject to all that statute's procedural and substantive requirements. *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003). So construed, the § 2254 petition is subject to summary dismissal for many reasons. *See* Rule 4 of Rules governing Section 2254 Cases.

*First*, the Court lacks jurisdiction if Petitioner is not "in custody" under the conviction he challenges in the petition. *See Maleng v. Cook*, 490 U.S. 488, 490–92 (1989). Petitioner attacks his January 2023 child molestation conviction but was sentenced to time served. (ECF 1 at 2). Yet to meet § 2254's jurisdictional "in custody" requirement, he must be under "conditions which significantly confine and restrain his freedom." *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). Being required to register as a sex offender is not a sufficient

---

[1] The Court may take judicial notice of Petitioner's state court proceedings. *See* Fed. R. Evid. 201; *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011). Those records show that Petitioner has apparently been arrested on new charges—unrelated to the conviction he now seeks to challenge—in Cal. Sup. Ct. Case No. XNEGA1139 and is housed at the Twin Towers Correctional Facility. *See Graham v. Los Angeles Cnty.*, 2018 WL 6137155, at *2 (C.D. Cal. May 4, 2018) (taking judicial notice of inmate custody status and location from LASD website).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06083-SB (SK) | Date | August 11, 2023 |
|---|---|---|---|
| Title | Jeremy Eric Waters v. Warden | | |

restraint to be "in custody" under § 2254. *See Munoz v. Smith*, 17 F.4th 1237, 1243–44 (9th Cir. 2021); *Henry v. Lungren*, 164 F.3d 1240, 1242 (9th Cir. 1999). And while it appears Petitioner may be detained on a new criminal arrest, he must be in custody for the conviction that he is challenging, not just in custody for any reason. *See Woodall v. Beauchamp*, 450 F. App'x 655, 657 (9th Cir. 2011). On the other hand, "a petitioner is 'in custody' for the purposes of habeas jurisdiction while he remains on probation." *Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005). Thus, Petitioner must confirm for jurisdiction whether he is still on probation for his child molestation conviction. *See* 28 U.S.C. § 2243.

*Second*, even if Petitioner is "in custody" on the pertinent conviction, he must name the correct respondent to confer personal jurisdiction. The proper respondent is whoever has custody over the petitioner based on the conviction and sentence he is challenging. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); *Smith v. Idaho*, 392 F.3d 350, 354–55 (9th Cir. 2004). For those on probation, then, the probation officer or official in charge of the probation agency may be a proper respondent. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). But Petitioner has named no specific respondent at all. "Failure to name the correct respondent destroys personal jurisdiction." *Id*.

*Third*, even if Petitioner had named the correct respondent, he did not exhaust any of his claims in California state court as required by § 2254. The Court may not grant habeas relief unless the petitioner has exhausted all available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). To meet this requirement, Petitioner must "fairly present" his claims in a complete round of direct appeals or state habeas proceedings up to the highest state court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Yet there is no evidence in the public record that Petitioner presented any of his claims to the California Supreme Court.

*Fourth*, even if Petitioner had exhausted all his claims, his "stalking" claim is not cognizable on federal habeas review. The Court has jurisdiction under § 2254 to review a state prisoner's claim "only on the ground that he is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Petitioner's "stalking" claim does not arise under federal law or the Constitution and is therefore not cognizable. (ECF 1 at 3–4).

*Fifth*, Petitioner's ineffective assistance of counsel, Fourth Amendment, and charging mismatch claims are not reviewable here because his nolo contendere plea precludes any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06083-SB (SK) | Date | August 11, 2023 |
|---|---|---|---|
| Title | Jeremy Eric Waters v. Warden | | |

challenge to such alleged pre-plea constitutional violations. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id*. This rule applies equally to nolo contendere pleas. *See* Cal. Penal Code § 1016 ("plea of nolo contendere shall be considered the same as a plea of guilty" and "legal effect of such a plea . . . shall be the same as that of a plea of guilty for all purposes"); *Ortberg v. Moody*, 961 F.2d 135, 137–38 (9th Cir. 1992) (applying *Tollett* to no contest plea). The only exceptions are for challenges to the voluntary and intelligent nature of the plea itself or to the state's power to prosecute at all. *See Tollett*, 411 U.S. at 267; *United States v. Johnston*, 199 F.3d 1015, 1019 n.3 (9th Cir. 1999). But Petitioner invokes neither of these narrow exceptions to the *Tollett* bar—nor could he on this record. Thus, Petitioner's guilty plea extinguished his ineffective assistance of counsel, Fourth Amendment, and charging mismatch claims.

*Last*, even if not *Tollet*-barred, Petitioner's Fourth Amendment claim is independently foreclosed by *Stone v. Powell*, 428 U.S. 465, 494 (1976). "[A] Fourth Amendment claim is not cognizable in federal habeas proceedings if a petitioner had a full and fair opportunity to litigate the claim in state court." *Id*. at 481–82; *see Newman v. Wengler*, 790 F.3d 876, 878 (9th Cir. 2015). The only "relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). California Penal Code § 1538.5 provides criminal defendants the opportunity for "full and fair litigation" of their Fourth Amendment claims. *Gordon v. Duran*, 895 F.2d 610, 613–14 (9th Cir. 1990). Nothing in the record suggests, nor does Petitioner allege, that he was unable to avail himself of that opportunity. Thus, *Stone v. Powell* precludes any federal habeas review of this claim.

For these reasons, Petitioner is **ORDERED TO SHOW CAUSE** on or before **September 1, 2023**, why the Court should not summarily dismiss his petition because of the many jurisdictional and legal defects outlined above—most of which are not curable by amendment. Thus, Petitioner may discharge this order by voluntarily dismissing the action using the attached Form CV-09. But if Petitioner files no notice of voluntary dismissal or other timely response to this order, the petition may be involuntarily dismissed for failure to prosecute and obey court orders. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.